Arthur Brewer v. State.

No. 2094. Decided January 22, 1913.

Rehearing Denied February 19, 1913.

**1.—Assault to Murder—Misconduct of Jury—Statement of Facts—Practice on Appeal.**

A statement of facts of the testimony adduced on motion for new trial upon the question of the misconduct of the jury must be filed during the term time, otherwise, it cannot be considered on appeal. Following Knight v. State, 64 Texas Crim. Rep., 541, 144 S. W. Rep., 67.

**2.—Same Evidence—Motive—Circumstance.**

Upon trial of assault to murder, where the evidence showed that the difficulty resulted from some previous misunderstanding between the parties, there was no error in permitting the State to show that defendant looked for a pistol shortly prior to the difficulty.

**3.—Same—Evidence—Defendant's Declaration—Motive.**

Upon trial of assault to murder, where it was shown that the difficulty arose because the injured party had refused to honor defendant's draft and that thereupon, the defendant said he would make it cost him more than the amount of the draft, held that such testimony was admissible. .

**4.—Same—Evidence—Motive.**

Upon trial of assault with intent to murder, where the evidence showed that the trouble grew out of a dispute between the parties as to an unsettled account, there was no error to permit the State to show the various steps which led to the discharge of the defendant from the employment of the party injured.

**5.—Same—Charge of Court—Invited Charge.**

Where, upon trial of assault to murder, the evidence raised the issue of simple assault and the court charged upon this issue, and which charge was evidently invited by the defendant and was applicable to the facts, there was no error.

**6.—Same—Charge of Court—Mutual Combat—Simple Assault.**

Where, upon trial of assault to murder, there was evidence of an agreement between the parties to fight and that defendant intended to fight with his fist, but that afterwards the injured party struck defendant a blow which addled him and that defendant thereafter without knowing what he was doing, assaulted the party injured, a charge on simple assault was proper.

**7.—Same—Charge of Court—Self-defense—Mutual Combat.**

Where there was evidence of a mutual combat, there was no error in the court's charge that the defendant in this event could not resort to the law of self-defense.

**8.—Same—Charge of Court—Sufficiency of Evidence.**

Where, upon trial of assault to murder the defendant was convicted of aggravated assault, the evidence sustained the conviction, and the court's charge properly applied the law to the facts, there was no error.

Appeal from the District Court of Denton. Tried below before the Hon. Clem B. Potter.

Appeal from a conviction of aggravated assault; penalty, a fine of $500 and nine months confinement in the county jail.

The opinion states the case.

*Sullivan & Hill* and *Owsley & Owsley*, for appellant.

*C. E. Lane*, Assistant Attorney-General, and *H. R. Wilson*, for the State.

PRENDERGAST, JUDGE.—Appellant was indicted for an assault with intent to kill, was convicted of an aggravated assault and fined $500 and nine months confinement in the county jail.

By two bills appellant complains that the court below should have granted him a new trial because of the claimed misconduct of some of the jurors. The bills clearly show that in considering this matter the court below heard evidence. What that evidence is is in no way made to appear by either of the bills or the record otherwise. We find with the file what was perhaps sought to be made a statement of the facts on that subject. It was filed in the court below one month after the adjournment of the term at which appellant was convicted. It is not certified to be correct by even the court stenographer and in no way does it purport to be agreed to by the attorneys or approved by the court below. It can not therefore, be considered by us for any purpose. In order to be considered, as has uniformly been held by this court, such a statement of the facts must be approved and filed during term time and when not, can not be considered by this court. Knight v. State, 64 Texas Crim. Rep., 541 and cases there cited.

Appellant had been working for the assaulted party and his partner some length of time prior to November 14, 1910. But they had fallen out and his employers had discharged him, or claimed they had, on November 14, 1910, prior to the alleged assault on December 5, 1910. Hard feelings on that account and the matters that brought it about, resulted between the parties. Some two weeks before the difficulty, appellant took a pistol to persons in the City of Denton, who did that character of work, for repairs and left it there for that purpose. The difficulty that occurred between the parties was in the afternoon just after dinner. The State was permitted to prove by witnesses that appellant went to the persons with whom he had left said pistol, on the same day just shortly prior to the difficulty between the parties, for the purpose of getting it and inquired if it had been repaired. As it had not been repaired he was so informed and he did not get the pistol. The court did not err in permitting this proof to be made. It was a circumstance to be considered by the jury to determine the animus and intent of appellant just shortly prior to the difficulty in which he cut and stabbed the assaulted party very severely.

Neither did the court err in permitting the State to prove that after the trouble arose between the appellant and the assaulted party, where it was shown that appellant had drawn a draft on the said firm for which he was working which they had refused to pay, and that in seeing about trying to get the company to pay it he said that if they did not pay it, he would make it cost them more than $15, the amount

of the draft. This character of testimony was clearly admissible for the same purpose as that shown above and was in the nature of a threat against the assaulted party. See cases noted in White's Ann. P. C., p. 449, and Branch's Crim. Law, p. 308, sec. 479.

The evidence shows or tends to show that the trouble between appellant and the firm of which the assaulted party was a member, arose out of the dispute between them as to whether or not they were in debt to appellant, or appellant had overdrawn his account with them, and out of the fact that because they claimed he had overdrawn they refused to pay his draft on them for $15. Appellant claimed that they were indebted to him and demanded and insisted that they should pay the said $15 draft. They refused to pay it and so stated to him. Appellant became angered at this and at the time, in substance told them that if they did not pay his $15 draft he would make it cost them a much larger amount. The court, therefore, did not err in permitting the State to prove that on this occasion when appellant was in the place of business of the assaulted party he and they went over their books for the purpose of ascertaining whether or not they were indebted to him, or he was overdrawn, and that they then told him that he owned the company $84.40 and from the books showed him that he was overdrawn with the company. It was out of this dispute between them, as well as of their discharge of him from their employment, that the difficulty and fight afterwards occurred. The court did not err, therefore, in permitting the State to make such proof.

Complaint is made of the 15th paragraph of the court's charge, which is:

"15. If you find from the evidence that C. A. Whitehead struck the defendant on the head, and that the force of the blow was such as to addle the mind of the defendant so that the defendant did not know what he was doing, and that while in such condition of mind the defendant cut the said C. A. Whitehead, and that the defendant did not intend to cut the said C. A. Whitehead, you can not convict the defendant of either an assault with intent to murder or of an aggravated assault, but as to whether he is guilty of a simple assault or not you will determine under other sections of this charge." This charge was evidently given in response to the special charge requested by appellant which the court refused, which is substantially in the same language as that given by the court, except that the refused requested charge required the jury to acquit appellant entirely instead of, as charged by the court, not to find him guilty of an assault with intent to kill or of an aggravated assault. The court further on the same subject in subdivision 20 of his charge, charged as follows:

"20. If you believe from the evidence that the defendant and C. A. Whitehead agreed to fight, and that said fight occurred in the carrying out of said agreement to fight, and that the defendant intended to fight with his fists, and did strike the said C. A. Whitehead with his

fists, but that afterwards the said C. A. Whitehead struck the defendant a blow which addled him, and that on account thereof the defendant's mind was so affected that he did not know what he was doing, and that he cut the said C. A. Whitehead without any purpose to do so or without knowing that he was doing so, then the defendant would only be guilty of a simple assault, and if you so find you will assess a fine against the defendant of not less than five nor more than twenty-five dollars.''

These charges by the court were clearly in response to the evidence and properly and fairly submitted all that was required, by the evidence, to the jury.

Complaint is also made of the 18th paragraph of the court's charge which is: ''You are instructed that if you believe from the testimony that the defendant and C. A. Whitehead agreed to leave the office of the said C. A. Whitehead and go out of doors and fight, and if you further believe that said fight was directly caused by, and was had in the carrying out of an agreement to fight, then the defendant can not resort to the law of self-defense as a defense, and you will find him guilty of some offense, the degree of which you will measure by other sections of this charge.'' This charge was directly called for by the evidence in the case, the evidence clearly showing that appellant and the assaulted party left the office of the assaulted party after the row began between them for the purpose of fighting it out. The court followed paragraph 18, just above quoted, with the 19th paragraph, which is as follows: ''If you believe that the fight was not the result of an agreement, or was not had in the carrying out of an agreement to fight, then the defendant's right of self-defense under the law is unimpaired.'' Then followed that with the 20th subdivision which has already been quoted above. The charge taken as a whole, on this point clearly and properly presents everything that the evidence called for strictly in accordance with the evidence and the law applicable thereto. Bordeaux v. State, 58 Texas Crim. Rep., 61; Howard v. State, 53 Texas Crim. Rep., 378; Christian v. State, 46 Texas Crim. Rep., 57. It is needless to cite other cases.

There are some matters attempted to be complained of by the motion for new trial which can not be considered by this court in the absence of a bill of exceptions presenting the same.

We have carefully considered all of appellant's complaints and as there is no reversible error shown by any of them, the judgment will be affirmed.

*Afflrmed.*

[Rehearing denied February 19, 1913.—Reporter.]